Opinion by
Mr. Justice Moore.
The defendant in error, to whom we will refer as the plaintiff, brought an action in the district court of Prowers county against Clifton L. Etter in which she sought to recover for personal injuries and property damage allegedly sustained in an automobile accident. In the answer filed by Etter to the plaintiff’s complaint he denied the negligence attributed to him and alleged that the plaintiff was guilty of contributory negligence. *414 The issues were tried to the court without a jury. Findings of Fact and Conclusions of Law were entered on March 29, 1963, and on April 5, 1963, the trial court entered judgment in favor of the plaintiff for the sum of $6,164.19.
Although counsel for Etter have included six separately stated paragraphs in their “Summary of Argument” there is, in essence, but one argument advanced in support of their request for reversal of the judgment. It is asserted in several different ways that there was not sufficient evidence admitted upon the trial to support the findings of the trial court and the judgment entered thereon.
We have read the full record and find that there is an abundance of evidence which sustains the judgment in all particulars. A brief statement of the circumstances surrounding the accident will suffice to make our conclusion clear.
Plaintiff, on Saturday, March 26, 1960, was an unmarried female person 34 years of age, with five years teaching experience in Colorado schools, and with proper education and qualifications for that position. On that day she was teaching third grade at Elizabeth, Colorado, at a salary of $4,200.00 per school year, being paid on a twelve month basis. She left Elizabeth, en route to her home in Lamar, Colorado, a distance of 170 miles, between 3:00 and 3:30 P.M. driving alone in her almost new 1960 MG automobile. She followed Highway 287 to Eads, Colorado, arriving there around 5:30 P.M. She then continued southward on Highway 287 toward Lamar to a point seven or eight miles south of a junction of Highways 96 and 287 situated three miles east of Eads. At that time she was driving along in the right-hand lane at about fifty miles per hour, operating under the impression that the sun was just setting, and, as nearly as she remembers, that no other cars were visible to her and certainly that no cars were within quite a distance of her from the south. Plaintiff had turned on *415 her parking lights, and other than driving along in the right-hand lane at 50 miles per hour, remembers nothing until she awoke in a field at about 6:10 or 6:15 P.M. with the car at a standstill after it had been struck from the rear by the front end of defendant’s car which was also traveling southward on the same dry, two-lane asphalt highway. Plaintiff’s car, after being struck, left tire marks on the blacktop, left the blacktop to its right, travelled through a barrow pit, went through a wire fence and stopped in a field on the west side of the highway approximately 757 feet away from the point of impact. Tire marks made by her car after it was struck were in the right portion of the highway for a distance of 57 feet, the left front wheel then went into the left (or northbound) portion for 2.6 feet, travelling there for 7.5 feet. The patrolman testified that these were not “brake marks” but were “skid marks” after the point of impact. Defendant’s car, after striking that of plaintiff, left no marks on the blacktop while travel-ling there a distance of 141 feet; it did, however, leave tire marks on the shoulder of the road on the east side of the highway and at the place where it came to rest on the east side of the field 1140 feet away, after having broken off two cedar fence posts, going through a three-strand barbed wire fence, making a circle, and finally striking and breaking a third cedar fence post.
Defendant testified on the trial that he had drunk a beer at Limón, Colorado, at about 3:30 P.M.; that he had had two cans of beer at Eads between 5:45 and 6:15 P.M.; and that he had answered plaintiff’s interrogatory number 15, prior to trial, by stating that he had consumed three or four beers ■ — • he didn’t recall exactly how many beers he had had. He further testified that he first observed plaintiff’s vehicle somewhere between 250 and 300 feet in front of him; that plaintiff was going 35 to 40 miles per hour at the time of impact (defendant was then going 40 to 45 miles per hour); that plaintiff was still travelling when the impact occurred. At *416 another point in his testimony he stated that he was blinded by the lights of an oncoming truck so that he did not observe plaintiffs car.
There was evidence that plaintiff enjoyed perfect health before the collision. She was unable to attend to her teaching duties from March 26 to April 10, when she returned and completed the school year to May 27 when the academic year terminated. On the Friday following April 10 she went to Denver where she became ill. She then headed for Lamar on the bus and obtained medical treatment at Pueblo. Since that time she has been under the care of Dr. E. B. Ley of Pueblo, who testified by deposition (Exhibit J) that plaintiff suffered a “whiplash” type injury to her neck, including fracture of the spinous process with a permanent disability of 10%.
Plaintiff went to Denver in the latter part of June to look for employment, but began having headaches and insomnia so that she could not work because she would have to “take three days off out of every ten days.” She began work in June, 1961, at the Pueblo Welfare Department where she was able to work by following irregular hours because of her headaches which she still had at the time of the trial, and for which she was still taking medicine. Dr. Samuel P. Newman, called as a witness for the defense, testified that plaintiff would continue to have some annoyance and disturbance, as a result of her injury, for the rest of her life, and that the functions which she testified she could not perform without pain would cause her pain and could be performed by her only if she would grit her teeth and tolerate the pain.
All issues that were raised by the pleadings were fairly tried by the court and the judgment entered has overwhelming support in the evidence.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice McWilliams concur.